IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JERRY SMITH,

    Plaintiff,

v.                                                      CASE NO. 1:13cv16-CAS

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____/

## ORDER ON REMAND

The Defendant Commissioner has filed an unopposed motion for remand with a supporting memorandum requesting reversal of the decision of the Commissioner, entry of judgment pursuant to sentence four of 42 U.S.C. § 405(g), and remand of this cause to the Commissioner. Doc. 28. The motion advises that Plaintiff "has no objection" and the motion should be granted.

A sentence four remand is discretionary, but requires that the court enter "a judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g); <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239

(1993). Thus, the Commissioner's decision is reversed and remand is necessary for re-evaluation of the evidence, and to obtain additional testimony "on whether the claimant's intellectual disability meets or equals the criteria in Listing 12.02 or 12.05(c)." *See* doc. 28. "If warranted, the ALJ should reassess the claimant's residual functional capacity and obtain vocational expert evidence at step five." *Id.* The Court agrees with the parties that it is appropriate to remand this matter to the Commissioner.

Accordingly, it is

**ORDERED:**

1. Defendant's motion for remand, doc. 28, is **GRANTED.**

2. The Commissioner's decision denying benefits is **REVERSED** and **REMANDED** pursuant to Sentence four of § 405(g).

3. On remand, the Administrative Law Judge shall provide Plaintiff with an opportunity to submit additional evidence; if warranted and available, obtain medical expert testimony regarding the nature and severity of the claimant's impairments; further evaluate the opinion evidence from the treating, examining, and non-treating sources; and reassess Plaintiff's residual functional capacity and obtain vocational expert evidence at step five as may be necessary to determine whether there are a significant number of jobs in the national economy that the Plaintiff can perform; and, issue a new decision.

4. The Clerk of Court shall enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this

case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings, terminate any pending motions, and close the file.

     5. Entry of the final judgment reversing and remanding this case will begin the appeal period which determines the 30-day period during which a timely application for attorney fees under the Equal Access to Justice Act (EAJA).

     **DONE AND ORDERED** on October 29, 2013.

     S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**